## SANDVICK et v BOHN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13569.  Decided May 28, 1934

Davies & Eshner, Cleveland, for plaintiff in error.

John R. Palmer and Carl J. Grosclaude, Cleveland, for defendant in error.

## OPINION

By McGILL, J.

The evidence discloses that all negotiations between Bohn and Sandvick were carried on by Walker, the agent, and that the parties never met and never carried on any negotiations between themselves. The plaintiff below, in his petition, based his action upon the written memorandum, but oral evidence was offered, to the effect that after the last offer of $2950 by Bohn, the agent undertook with Bohn to make up the difference of fifty dollars, by deducting the amount from the agent's commission.

It is the contention of Bohn that the offer of $2950 in cash was amended to meet the three thousand dollar offer of Sandvick, and that upon this amendment there arose a binding contract which Sandvick refused to recognize.

The defendant Sandvick, on the other hand, contends that the first offer of Bohn was not accepted, but that he, Sandvick, made a counter offer involving three thousand dollars in cash, and to this, Bohn made a counter offer or second offer by which Bohn agreed to pay $2950 in cash. It is claimed there was never any acceptance of the $2950 offer and therefore no meeting of the minds.

It is clear that when Bohn made the original offer to pay $2900 in cash, Sandvick by a conditional acceptance, calling for three thousand dollars in cash, destroyed the first offer. Subsequntly Bohn by an offer or counter. offer of $2950 destroyed the preceding offers.

Inasmuch as the parties undertook to enter into a written agreement, we do not find that Sandvick accepted the last written offer of Bohn, by which he agreed to pay $2950 in cash.

In the case of **Krueger v Schoelwer, 24 Ohio Nisi Prius, 501,** it was held:

"A contract for the sale of land is not enforceable unless the terms of the acceptance are identical with those of the offer of purchase."

In the case of **Feldenauer v Libold, 28 Ohio Law Reports, page 147,** appears the following syllabus:

"The 'memorandum' of an agreement required by the amended statute of frauds, to pay a commission for services in connection with the sale of real estate, must contain the whole contract and state its terms with such clearness and certainty that they may be understood from the writing itself, without resort to oral evidence or any implication as to the meaning intended."

In the case of **Kling, Admr., etc. v Bordner, 65 Oh St, 86,** syllabus 1 reads as follows:

"The memorandum in writing which is required by the statute of frauds (§4199, Revised Statutes), is a memorandum of the agreement between parties; and it is not sufficient unless it contains the essential terms of the agreement expressed with such clearness and certainty that they may be understood from the memorandum itself of some other writing to which it refers, without the necessity of resorting to parol proof."

Applying these principles to the case at bar it is apparent that the written instrument does not contain the entire contract, for the reason that such instrument does not disclose an acceptance of any of the offers or counter offers. The law is plain that in order to . comply with this statute the memorandum must show a concluded contract; that such memorandum must be intended as evidence of such contract; and finally that it must show the whole contract.

Aside from the written memorandum, the evidence does not establish a meeting of the minds.

Turning to the testimony of Walker, the agent, we find the following:

"Q. Then I put it to you, 'Didn't you say to Mr. Bohn, 'Well, I'll tell you what I'll do, Mr. Bohn; I am anxious to put this deal through, and if you will accept this $3000 offer I will make good to you for $50.00 because I will be earning that much in commission; I will gladly pay you back · $50.00 on the commission I will earn from Sandvick on the matter'?

Mr. Heckman: I object.

The Court: Objection overruled.

Mr. Heckman: That is not on the contract.

The Court: I think this is legitimate cross-examination. ·

A. No, there wasn't any such thing agreed on in that case at all.

Q. Very well. Now, you say there was nothing said at all about you being willing to help the deal along by agreeing to

pay Bohn back $50.00 if he paid the $3000. You absolutely deny that, do you?

A. The deal was—

Q. Just answer yes or no. Do you deny it?

A. I never agreed on Mr. Bohns case, no."

The evidence does not disclose that Walker, the agent, communicated to Sandvick an acceptance of the last offer of $2950.

From a careful examination of the record we are forced to the irresistible conclusion that Sandvick never accepted the $2950 offer made by Bohn and that any agreement between Bohn and Walker, the agent, as to the $50.00, if there was such an agreement, would not be binding upon Sandvick.

If the minds of the parties had actually met, it would have been a simple matter to write the acceptance upon the written memorandum. This was never done. Clearly, if Bohn had accepted Sandvick's $3000 offer, the real estate agent would not be required to give up fifty dollars of his commission.

Apparently the court below took the view that as long as Sandvick was getting $3000, it made no difference where it came from. The fallacy of this position lies in the fact that Bohn never met the offer of Sandvick to accept $3000 in cash. When Bohn wrote on the memorandum an offer to pay $2950 in cash, the previous offers were destroyed so that Bohn could not later accept the three thousand dollar offer of Sandvick. Sandvick in turn never accepted the last offer of Bohn.

We think that the minds of the parties in this transaction never met so as to form a binding contract. Accordingly the judgment will be reversed for error of law in holding that the parties made a binding contract. And proceeding to render the judgment which the court below should have rendered, a final judgment will be entered for plaintiff in error.

LIEGHLEY, PJ, and LEVINE, J, concur in Judgment.