**In re William HALISHAK, Debtor.**

**United States Trustee, Plaintiff,**

v.

**William Halishak, Defendant.**

**No. 04–3049.**

United States Bankruptcy Court,
N.D. Ohio.

April 19, 2005.

Saul Eisen, United States Trustee, U.S. Department of Justice, Cleveland, OH.

Maria D. Giannirakis, Office of the U.S. Trustee, Cleveland, OH.

### *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court on the Joint Motion of the Debtors/Defendants, William Halishak and Deborah Halishak (Case No. 04–3256), to Compel the Plaintiff to Enter into a Previously Agreed Settlement Agreement. At the Hearing held on this matter, the Court orally denied the Defendants' Motion, proceeding then to Trial on the substantive allegations underlying the Plaintiff's Complaint to Deny Discharge. In response to this Court's denial of their Motion, the Defendant, William Halishak, on the day following the Trial, filed a Motion for Reconsideration. After carefully considering the matter, the Court is not persuaded that this Court's oral denial of the Defendants' Motion was improper, either factually or legally; and therefore, the Defendant's Motion for Reconsideration must be Denied.

### DISCUSSION

In the federal judicial system, a settlement agreement is simply a contract by which "parties having disputed matters

between them reach or ascertain what is coming from one to the other[.]" BLACK'S LAW DICTIONARY, 1372 (6th Ed.). As a contract, issues regarding the formation, construction, and the enforcement of settlement agreements are governed by contract law, particularly the law of the state where the agreement was entered. *Bamerilease Capital Corp. v. Nearburg,* 958 F.2d 150, 152 (6th Cir.1992). Thus, "whether a settlement agreement is a valid contract between the parties is determined by reference to state substantive law governing contracts generally." *Id., citing White Farm Equip. Co. v. Kupcho,* 792 F.2d 526, 529 (5th Cir.1986).

■ Under Ohio law, for a contract to exist there must be, at a minimum, consent by the parties as to its terms; there must also be meeting of minds; and lastly, the contract must be definite and certain. *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations,* 61 Ohio St.3d 366, 369, 575 N.E.2d 134 (1991), *vacated on other grounds,* 62 Ohio St.3d 1214, 582 N.E.2d 606 (1991). In this way, it is the Defendant's position that these requirements came into existence when, on February 2, 2005, just prior to a trial being held on the Plaintiff's Complaint to deny discharge, the Parties read into the record the substantive terms of an arrangement ostensibly resolving the matters giving rise to this litigation.

It is the Plaintiff's position, however, that any such agreement is void because it was based upon an erroneous assumption. In particular, on the day following the February 2, 2005, hearing, the Plaintiff sent an E–Mail to the Defendants stating in relevant part:

Your real estate has been abandoned by the trustee, Elizabeth Vaughn [sic]. It is no longer in either one of your bankruptcy estates. Therefore, the court has no jurisdiction to approve the sale. At the time I entered into an agreement with you yesterday, I did not realize that the real estate was abandoned and thought that it could by sold by Ms. Vaugh [sic]. Therefore, our agreement is void.

Notwithstanding, and was alluded to by the Defendants, the real property referenced in the E–Mail had already been abandoned by the bankruptcy trustee well before the Plaintiff, the United States Trustee, had agreed to settle the matter. Besides this fact being a part of the record, the United States Trustee, having appointed the bankruptcy trustee, 11 U.S.C. § 701, is imputed with this knowledge. *Accord Foster v. Scottish Union & Nat'l Ins. Co. of Edinburgh,* 101 Ohio St. 180, 191, 127 N.E. 865 (1920) (agent's knowledge imputed to principle). And in this regard, a unilateral mistake will not generally form the basis for reforming a contract. *Galehouse Constr. Co., Inc. v. Winkler,* 128 Ohio App.3d 300, 303, 714 N.E.2d 954 (1998). Consequently, as this Court stated orally at the hearing, the Plaintiff was not entitled to back out of any deal it made with the Defendants on this basis alone.

Yet, a misconstruction as to the essential elements of the Parties' punitive settlement agreement was not confined solely to the Plaintiff. The Defendants, likewise, on the day following the February 2nd hearing, sent an E–Mail to the Plaintiff containing the following language:

If my wife presents a bona fide offer to purchase her home for a price well in excess of that which the home could be purchased at Sheriff's Sale to either the Court, or to the Court through the Trustee's Office; that the Court will facilitate the sale and confirm the same.

However, absent the inclusion of the language set forth above, we have no incentive to enter into the agreement that was discussed this morning. Again,

in other words, we require some written, binding, assurance that we can, *in fact,* fulfill our end of the settlement agreement thereby triggering the desired results of the settlement agreement.

(emphasis set forth in original). Under this language then, the Defendants appear to have been attempting to further negotiate over a key term of their settlement with the Plaintiff. Or, at the very least, the Defendants were unsure as to the meaning of a key term of their propounded settlement. Either way, as the matter of a bona fide sale price was a crucial component of any settlement agreement, and with the Plaintiff in error over a fundamental component of the agreement, there simply was no meeting of the minds as is necessary to create a legally binding contractual relationship.

■ Once more, the language of the Defendants' E–Mail, in addition to showing an overall lack of any mutual assent, simply cannot be construed as an acceptance—that is, a full manifestation of assent as to the terms of the proposed agreement. Rather, the language of the E-mail falls squarely within the ambit of a counteroffer which has been defined as a response to an offer which is conditional or introduces a new term. *United States Steel Corp. v. Ohio Dept. of Transp.,* 61 Ohio Misc.2d 233, 237, 577 N.E.2d 157 (Ohio Ct.Cl.1988). And as a counteroffer, contract law provides that it operates so as to reject and extinguish all previous offers, thereby preventing the formation of any contract. *Sandvick v. Bohn,* 17 Ohio Law Abs. 593 (1934).

In response, the Defendant argued in his Motion for Reconsideration that due allowance should be made for the fact that he was unrepresented by legal counsel; as well as considering that he is similarly not schooled in the nuances afforded to the term "bona fide" which was the primary subject-matter of their counteroffer to the Plaintiff. In greater detail, the Defendant puts forth that his E-mail should be viewed as simply a request for a point of clarification, and not as a counteroffer or a complete negation as to the terms of their understanding with the Plaintiff. This argument, however, is unpersuasive.

■ Contractual formation is based upon objective standards; not the subjective understanding of the respective parties. *Nilavar v. Osborn,* 127 Ohio App.3d 1, 711 N.E.2d 726 (1998). Consequently, no matter the Defendant's personal understanding in composing his E–Mail, or his lack of legal sophistication, his argument does change this fundamental facet: his E-mail to the Plaintiff set forth in unequivocal language that they had "no incentive to enter into the agreement" unless certain *additional conditions were satisfied.* Under any objective standard, this position simply cannot be squared with nor construed as a meeting of the minds; nor as full manifestation of assent to the terms of the Parties' proposed settlement agreement.

Accordingly, for all these reasons, the Defendants' Joint Motion to Compel must be Denied. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

It is therefore,

***ORDERED*** that the Defendant's Joint Motion to Compel Plaintiff to Enter into Previously Agreed Settlement Agreement, be, and is hereby, DENIED.

It is ***FURTHER ORDERED*** that the Defendant's Motion to Reconsider Joint Motion to Compel, be, and is hereby, DENIED.